IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RAMONA ROANE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:05-CV-0983-JOF |
| SMG NETWORK, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**OPINION AND ORDER**

This matter is before the court on Defendant SMG Management, LLC's motion to dismiss [3-1]; the Non-Final Report and Recommendation of Magistrate Judge Linda T. Walker [9-1]; and Defendant's objections thereto [10-1].

Plaintiff, Ramona Roane, filed suit against Defendant SMG Management, LLC, on April 14, 2005, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, alleging that her employer discriminated against her on the basis of her race in failing to promote her. Plaintiff also alleges a state law claim of intentional infliction of emotional distress. On May 31, 2005, prior to SMG Management, LLC filing an answer, Plaintiff filed an amended complaint attempting to reflect SMG Network, Inc., as the proper Defendant. On June 10, 2005, SMG Management, LLC, filed the instant motion to dismiss contending that

it is not Plaintiff's employer. Plaintiff then filed a motion to substitute the real party in interest, Defendant SMG Network, Inc., and to voluntarily dismiss SMG Management, LLC.

On June 29, 2005, SMG Management, LLC, filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 contending that Plaintiff was informed prior to the time she filed her complaint that SMG Management, LLC, was not her employer. Although Plaintiff identified SMG Network, Inc., as her employer, she then learned that SMG, a general partnership, is the actual legal entity that employs her and filed a motion to join SMG, a general partnership, as a Defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

Magistrate Judge Walker issued a Non-Final Report and Recommendation in which she granted Plaintiff's motion to substitute Defendant SMG Network, Inc., for SMG Management, LLC. *See* Report and Recommendation, at 3 (noting that the motion to substitute was moot in light of Plaintiff's amended complaint). The Magistrate Judge also determined that SMG Management, LLC's motion to dismiss was moot due to the intervening motions, but she recommended that it be granted in any event. Finally, the Magistrate Judge ruled that in "light of the fact that SMG Management filed its Motion for Rule 11 sanctions after Plaintiff had amended her complaint to substitute the correct Defendant and voluntarily dismiss SMG Management, LLC in her motion to substitute the real party in interest, SMG Network, Inc., SMG Management, LLC's motion for sanctions is DENIED." *Id.* at 3-4.

2

SMG Management, LLC, filed fourteen pages of objections to the Magistrate Judge's four-page Report and Recommendation. SMG Management, LLC, takes issue with the manner in which Plaintiff attempted to correct her complaint to reflect her proper employer. It contends that the motion to substitute was not sufficient because Plaintiff should have filed a motion to voluntarily dismiss SMG Management, LLC, pursuant to Rule 41(a). SMG Management, LLC, also contends that the Magistrate Judge improperly failed to consider its motion for attorney's fees filed in conjunction with its motion to dismiss.

There is no doubt that there were problems with the manner in which Plaintiff attempted to correct the defendant identified in her complaint. But SMG Management, LLC, does not dispute that Plaintiff's motion to substitute asked the court to dismiss SMG Management, LLC. *See* Objections, at 6. On the basis of that concession, SMG Management, LLC's motion for sanctions seems to be premised on the notion that the "better" method for getting SMG Management, LLC, out of the lawsuit would have been for Plaintiff to file a notice of voluntary dismissal pursuant to Rule 41(a). That may or may not be true, but SMG Management, LLC, provides no authority for its contention that Plaintiff's decision to ask the court to dismiss SMG Management, LLC – as she did in her motion to substitute – rather than file a notice of voluntary dismissal is sufficient to subject her to sanctions pursuant to Federal Rule of Civil Procedure 11. Plaintiff's actions may have been unartful, but with her amended complaint and her motion to substitute and to dismiss, Plaintiff attempted to achieve the result

3

desired by SMG Management, LLC – its dismissal from her suit.[1]  As such, the court will not alter the ruling of the Magistrate Judge denying SMG Management, LLC's motion for sanctions.

SMG Management, LLC, also asserts that the Magistrate Judge should have awarded it attorney's fees in conjunction with its motion to dismiss.  As an initial matter, SMG Management, LLC, is incorrect when it asserts as a matter of law that a prevailing defendant is "entitled" to attorney's fees under 42 U.S.C. § 2000e-5(k).  *See* Objections, at 11.  While Title VII does authorize attorney's fees for the prevailing party, the "equitable considerations involved depend . . . upon whether the prevailing party is the defendant or the plaintiff." *Sayers v. Stewart Sleep Center, Inc.*, 140 F.3d 1351, 1353 (11th Cir. 1998).  In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the Supreme Court determined that prevailing defendants may only be awarded attorney's fees when a court finds that the plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421.  Here, Plaintiff did file suit against the wrong entity, however, the court finds that she attempted through several means to correct the error.  As such, the court finds that an award of attorney's fees would not be appropriate.

---

[1] The court is aware that SMG Management, LLC, contends that Dr. Gottlieb informed Plaintiff that SMG Management, LLC, was not her employer.  There is not a sufficient factual record on this point to justify the award of sanctions pursuant to Rule 11.

In sum, the court GRANTS Defendant SMG Management, LLC's motion to dismiss [3-1]. The court ADOPTS the Non-Final Report and Recommendation of the Magistrate Judge [9-1] as the order of this court.

**IT IS SO ORDERED** this 5th day of January 2006.

                                      s/ J. Owen Forrester
                                      J. OWEN FORRESTER
                                  SENIOR UNITED STATES DISTRICT JUDGE

5

AO 72A
(Rev.8/82)